KERRY M. L. SMITH, OSB# 88103
SMITH & FJELSTAD
722 N. Main Ave.
Gresham, Oregon  97030
Telephone: (503)669-2242
Facsimile: (503)669-2249
smithandfjelstad@frontier.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TAVIS MILLER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>　　　　　Defendant. | Civ. No.<br><br>COMPLAINT<br><br>(ADA; State Handicap Discrimination)<br><br>JURY TRIAL DEMANDED |

Mr. Miller alleges:

**NATURE OF THE ACTION**

　　1.　　This is an action for damages under, Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of (1) disability (actual, perceived or record of), (2) failure to accommodate, (3) failure to engage in the interactive process, and (4) termination in violation of the ADA, to vindicate the

PAGE 1 - COMPLAINT

rights of Mr. Miller and other qualified individuals to fair treatment and equal opportunities and to make Mr. Miller whole.

2.  This is also an action for violations of the Oregon State Disability Discrimination law (ORS 659A.100 *et seq.*) pursuant to the court's ancillary jurisdiction and alleging the same violations as alleged under the ADA.

## JURISDICTION AND VENUE

3.  The court has subject matter jurisdiction over the federal law claims under 28 U.S.C. §§ 1331, 1337 and 1343. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12117(a), Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(A). Both the federal and state law claims arise from a common nucleus of operative facts such that they ordinarily would be expected to be tried in one judicial proceeding.

4.  The court has ancillary jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). Both the federal and state law claims arise from a common nucleus of operative facts such that they ordinarily would be expected to be tried in one judicial proceeding.

5.  The actions alleged were committed in the District of Oregon and venue is proper under 28 U.S.C. § 1391.

/////

/////

/////

/////

PAGE 2 - COMPLAINT

## PARTIES

6. Plaintiff, Tavis Miller, is a citizen of the United States and the State of Oregon.

7. Defendant United Parcel Service, Inc., is an Ohio corporation which is authorized to conduct business in Oregon, and does conduct business in Oregon.

8. All actions taken by the corporate defendant were taken through authorized agents or representatives.

## PROCEDURAL REQUIREMENTS

9. Mr. Miller filed a complaint with the Oregon Bureau of Labor and Industries (BOLI) that constituted a joint filing with the Equal Employment Opportunity Commission (EEOC) pursuant to a work sharing agreement between BOLI and EEOC. The Complaint contained the disability discrimination (federal and state) claims of which Mr. Miller now complains.

10. Mr. Miller received a Notice of Private Right of Action from BOLI and a Notice of Right to Sue from the EEOC, authorizing him to commence a civil action regarding the claims presented to BOLI and the EEOC. Mr. Miller has filed this complaint within the time allowed in the notices authorizing him to bring this action.

/////

/////

/////

/////

/////

PAGE 3 - COMPLAINT

## STATEMENT OF KEY FACTS

11.     Mr. Miller worked for defendant and was entitled to protection under the ADA, and state handicap discrimination law.  Mr. Miller always performed his job duties for defendant in a satisfactory manner.

12.     Defendant employed Mr. Miller and was subject to the ADA and state handicap discrimination laws.

13.     Mr. Miller began his employment with Respondent in approximately August, 2005.

14.     Mr. Miller was promoted to part-time management in 2008 and in approximately June, 2010, defendant promoted Mr. Miller to full-time management.

15.     Mr. Miller has a medical condition which qualifies as a disability (actual, record of or perceived) under both the ADA and state law.

16.     In approximately August, 2012, Mr. Miller was hospitalized for his medical condition.  Mr. Miller's medical providers removed him from work for a period of time while he received treatment for his medical condition.

17.     In approximately January, 2013, Mr. Miller was released to work for defendant with medical restrictions due to his ongoing medical condition.  Defendant did not return Mr. Miller to employment with his medical restrictions.

18.     Mr. Miller, on more than one occasion, requested that defendant accommodate his disability and return him to work either with or without accommodation.  Mr. Miller also kept defendant informed of his medical condition and requested that defendant participate in an interactive process designed to determine whether defendant could return him to work either with

or without accommodation. Defendant did not return Mr. Miller to work until approximately January 27, 2104, when he was placed in a different position which is classified as temporary.

    19. In the alternative to paragraph 18, defendant was aware that Mr. Miller required accommodation to perform his essential job functions and that an interactive process was necessary and/or required to determine whether he could perform his essential job functions either with or without accommodation.

## FIRST CLAIM FOR RELIEF

### (ADA)

    20. Mr. Miller incorporates the allegations in paragraphs 1 through 19.

    21. Mr. Miller is a qualified individual with a disability pursuant to the ADA. His impairments constitute physical impairments that substantially limit one or more of his major life activities including, but not limited to, walking, standing and working.

    22. Mr. Miller was, at all material times, able to perform the essential functions of his job position either with or without accommodation.

    23. Alternatively, Mr. Miller had a record of a disability or was regarded as disabled.

    24. Defendants discriminated against Mr. Miller and terminated his employment and/or refused to return him to employment following his release to return to work with restrictions in January, 2013. The termination and/or refusal to return Mr. Miller to employment was due to his disability.

    25. Defendants failed and refused to accommodate Mr. Miller's actual disabilities.

/////

PAGE 5 - COMPLAINT

26. Defendant failed and refused to participate in an interactive process to determine whether defendant could accommodate Mr. Miller's actual disabilities.

27. Defendant, directly and through its agents, treated Mr. Miller in a disparate, discriminating and harassing manner because of his actual disability, his record of disability and/or his perceived disability.

28. Defendants' actions constituted unlawful employment practices violating the ADA.

29. Defendant's employment practices as alleged deprived Mr. Miller of equal employment opportunities and otherwise adversely affected his status as an employee. As a result, Mr. Miller suffered lost wages and benefits of employment, as well as other economic damages, in an amount to be proved at trial.

30. Mr. Miller is entitled to recover from defendant for his general, noneconomic damages in an amount to be determined at trial.

31. Defendant's acts were part of a pattern and practice of discrimination against disabled persons and/or failing to accommodate individuals with an actual disability. The court should enter a permanent injunction prohibiting such conduct in the future.

32. Mr. Miller is entitled to recover her reasonable attorney fees, expert witness expenses and litigation costs.

/////

/////

/////

/////

PAGE 6 - COMPLAINT

## SECOND CLAIM FOR RELIEF

(State Disability Discrimination)

33. Mr. Miller incorporates by reference the allegations in paragraphs 20 through 32.

34. Defendant's actions violated Oregon law relating to disability discrimination.

35. Mr. Miller is entitled to recover the damages alleged in paragraphs 29 and 30 and the injunction alleged in paragraph 27.

36. Pursuant to 659A.885, Mr. Miller is entitled to recover his attorney fees and costs. He is entitled under ORS 20.107 to recover expert witness expenses.

**WHEREFORE**, Mr. Miller demands trial by jury and requests this court to grant the following relief:

1. Grant Mr. Miller an award of lost wages, benefits and other economic damages against defendant in an amount to be determined at trial;

2. An award of compensatory damages for emotional distress in an amount to be determined at trial;

3. Grant Mr. Miller declaratory and injunctive relief precluding defendant from subjecting him, or other similarly situated employees, to unlawful employment practices in the future;

4. An award of pre-judgment and post-judgment interest on all amounts due to Mr. Miller as a result of this action;

5. An award of costs, reasonable attorney fees and expert witness fees; and

/////

      6.      Order such further or alternative relief in favor of plaintiff as the court deems just, equitable and appropriate.

Dated: May 30, 2014.

                                      SMITH & FJELSTAD
                                      By:   /s/ Kerry M. L. Smith
                                           Kerry M. L. Smith
                                           OSB NO. 881033
                                           Of Attorneys for Plaintiff

### JURY TRIAL DEMANDED

Mr. Miller demands a jury trial on all questions of fact or combined questions of law and fact raised in this Complaint.

Dated: May 30, 2014.

                                        SMITH & FJELSTAD
                                      By: /s/ Kerry M. L. Smith
                                           Kerry M. L. Smith
                                           OSB NO. 881033
                                           Of Attorneys for Plaintiff