IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TAVIS MILLER,

    Plaintiff,

                                    3:14-CV-872-PK

v.                                      OPINION AND
                                       ORDER

UNITED PARCEL SERVICE, INC.,

    Defendant.

PAPAK, Magistrate Judge:

    Plaintiff Tavis Miller filed this action against his employer, defendant United Parcel Service, Inc. ("UPS"), on May 30, 2014. Miller has been employed by UPS since 2005, and served UPS as a full-time hub supervisor managing package handlers at UPS' Swan Island "hub" facility beginning at some time in 2010. Later in 2010, Miller was diagnosed with congenital absence of the inferior vena cava and associated deep vein thrombosis, a painful and potentially life-threatening condition. Miller took medical leaves of absence from his employment with UPS in connection with that condition for part of 2010 and for an extended period spanning all or nearly all of 2012, all of 2013, and part of 2014. On two occasions during his second medical

Page 1 - OPINION AND ORDER

leave of absence, Miller sought to return to work subject to certain restrictions, but was not permitted by UPS to do so on the asserted ground that he would be unable to perform essential functions of his job as a full-time hub supervisor while subject to those restrictions. In January 2014, UPS found alternative employment for Miller in a management position that both parties agreed would not contravene the restrictions recommended by Miller's physicians, and raised the hourly wage associated with that position to ensure that in the new position Miller would earn at least the same annual compensation that he had received in his former position. Miller accepted the proffered alternative position on that basis. At some time in early to mid-2014, Miller received an additional raise in his hourly rate. Miller is currently working for UPS in that same managerial position.

Arising out of the foregoing, Miller alleges UPS' liability under both Title I of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. §§ 12111–12117, and Oregon's Unlawful Discrimination against Persons with Disabilities statutory scheme (the "UDPD"), Or. Rev. Stat. 659A.104-145, for disability discrimination in employment, failure to accommodate, failure to engage in the interactive reasonable accommodation process, and/or wrongful termination of his employment. Miller seeks award of lost wages, benefits, and other economic damages in an unspecified amount, compensatory damages for emotional distress in an unspecified amount, injunctive relief to preclude defendant from similar employment practices in the future, and award of his attorney fees and costs. This court has federal-question jurisdiction over Miller's ADA claim pursuant to 28 U.S.C. § 1331, and may properly exercise supplemental jurisdiction over Miller's UDPD claim pursuant to 28 U.S.C. § 1367.

Now before the court is Miller's motion (#48) for leave to amend his complaint to state a

claim for punitive damages against UPS. I have considered the motion and all of the pleadings and papers on file. For the reasons set forth below, Miller's motion is denied.

## LEGAL STANDARD

After a party has filed a response to another party's pleading, the latter party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Federal Civil Procedure Rule 15 specifies that "[t]he court should freely give leave when justice so requires." *Id.* The Ninth Circuit has specified that Rule 15 is to be interpreted with "extreme liberality," *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990), *citing United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981), although leave to amend is nevertheless "not to be granted automatically," *id.* and a motion for leave to amend need not be granted "where the [proposed] amendment: (1) [would] prejudice[] the opposing party; (2) is sought in bad faith; (3) [would] produce[] an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006), *citing Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The district court's discretion to deny a motion for leave to amend is particularly broad where the court has already given the plaintiffs one or more opportunities to amend their complaint. *See, e.g., Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980).

## MATERIAL PROCEDURAL HISTORY[1]

Miller, by and through his then-attorney Kerry Smith, filed this action against UPS on May 30, 2014. As of April 20, 2015, Miller substituted his current counsel, Matthew Ellis, as his

---

[1] Because the facts underlying this dispute are well known to the parties, and because my disposition of Miller's motion does not require consideration of those facts, I do not recite them herein.

attorney of record in place of Smith.

Fact discovery in this action was completed pursuant to the court's governing scheduling order (#21) as of September 28, 2015, and UPS filed a dispositive motion on the last day for doing so under the court's scheduling order (#21), specifically on October 23, 2015. Following resolution of UPS' dispositive motion, the parties jointly filed a pretrial order on April 7, 2016, and this matter was reassigned to Judge Brown for trial effective April 8, 2016.

On April 14, 2016, Judge Brown noted that, according to the parties' pretrial order, Miller intended to move the court for leave to amend his pleading at some unspecified future stage of these proceedings; Judge Brown additionally noted that the parties continued to engage in expert-related discovery notwithstanding their position that their dispute was ready for trial. In consequence, Judge Brown reassigned this matter back to me to resolve the ongoing issues regarding Miller's pleading and expert discovery.

On April 20, 2016, Miller filed the motion (#28) for leave to amend now before the court.

## ANALYSIS

By and through his motion for leave to amend, Miller seeks to amend his pleading to state a claim for punitive damages based on UPS' alleged "reckless indifference" to his protected rights and/or "reckless and outrageous indifference" to an unreasonable risk of harm to Miller and "conscious indifference" to Miller's health, safety, and welfare; Miller does not propose any other amendment to his complaint. UPS counters that it would be improper to grant Miller leave to amend his pleading at this late stage of these proceedings because to do so would be prejudicial, would unduly delay these proceedings, and would in any event be futile. Because, for the reasons set forth below, I agree with UPS both that Miller has been dilatory in waiting until this

stage of these proceedings to file his motion and that to grant Miller's motion would be prejudicial to UPS, I deny the motion without reaching UPS' argument that Miller's proposed amendment is futile.

In assessing whether a party was unduly dilatory in filing a motion to amend, the courts of the Ninth Circuit do not limit their inquiry to whether the motion was "timely" with respect to any court-issued scheduling order or the deadlines imposed under the Federal Rules of Civil Procedure, but rather consider the delay between the time the party knew or should have known about the facts and/or theories underlying the proposed amendment and the date the motion was filed. *See, e.g., AmerisourceBergen*, 465 F.3d at 953, *quoting Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). The courts of the Ninth Circuit have determined that delay on the order of eight months is unreasonable, and sufficient without more to justify denial of a motion for leave to amend. *See, e.g., Jackson*, 902 F.2d at 1388-1389; *see also, e.g., Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-799 (9th Cir. 1991); *AmerisourceBergen*, 465 F.3d at 953-954. Here, no evidence of record and no argument or assertion proffered either in support of Miller's motion or at any other time in the course of this litigation has any tendency to suggest that the alleged facts underlying Miller's proposed claim for punitive damages (that is, UPS' alleged "indifference" to Miller's rights and well-being) were not known to Miller as of May 30, 2014, the date filed his original complaint in this action. While Miller asserts in support of his motion that this court resolved UPS' dispositive motion (Findings and Recommendation (#39) issued January 22, 2016; Opinion and Order (#41) adopting my recommended disposition without modification issued March 9, 2016) in part on the ground that the possibility that UPS would be found liable on Miller's claims could not be foreclosed as a matter of law on the basis of the then-

current evidentiary record viewed in the light most favorable to Miller, this court's opinion certainly provided no new or expanded basis for asserting UPS' liability for punitive damages not already espoused by Miller as the basis for his originally filed claims. The long, unexplained, and unjustified delay preceding Miller's motion for leave to amend is therefore dilatory for purposes of Federal Civil Procedure Rule 15(a)(2), and this court may properly deny Miller's motion on that basis alone. *See, e.g., AmerisourceBergen*, 465 F.3d at 953-954; *Jackson*, 902 F.2d at 1388-1389; *Texaco*, 939 F.2d at 798-799; *Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

Moreover, and for related reasons, it would be prejudicial to UPS to grant Miller's motion. As UPS asserts, had Miller amended his pleading prior to the court-ordered cut-off for filing dispositive motions, UPS would have had the opportunity to move against it prior to trial (and it is UPS' asserted position that it would have done so). Effectively, then, to grant Miller's motion would be to permit Miller to present a claim to a jury the basis for which UPS had no opportunity to challenge at any time prior to trial. To the extent that pretrial challenge would have been successful, to permit Miller to present the claim to a jury would prejudice UPS by requiring it to devote trial preparation time and other resources to litigating the punitive damages claim that might otherwise have been devoted to other trial issues, *see, e.g., Texaco*, 939 F.2d at 799 (prejudicial for purposes of Rule 15 to permit the addition of novel claims close to the eve of trial), *AmerisourceBergen*, 465 F.3d at 953-954 (prejudicial for purposes of Rule 15 to permit amendment at a late stage of litigation proceedings that would modify a defendant's burden of proof at trial), by requiring UPS' officers and employees to spend additional time providing testimonial and other evidence regarding their state of mind vis-à-vis Miller's rights and well-

Page 6 - OPINION AND ORDER

being rather than in the pursuit of their normal employment duties, where they could have provided such evidence more efficiently had they had the opportunity to provide it at the same time that they provided the evidence UPS relied upon in support of its dispositive motion, *see, e.g., Jackson*, 902 F.2d at 1388-1389 (prejudicial for purposes of Rule 15 to cause a party's officers or employees to incur such additional opportunity costs), and by improperly influencing the reasoning of the jury in connection with Miller's existing claims, insofar as it would give Miller an opportunity he would not otherwise have had to present argument that UPS' conduct was sufficiently beyond the pale to warrant imposition of a punitive damages award, *see, e.g., United States v. Twin Falls*, 806 F.2d 862, 874-876 (9th Cir. 1986) ("proper[] exercise [of] discretion" under Rule 15 to deny a motion for leave to amend where amendment would permit a plaintiff to "present[] theories of [defendant's liability] to the jury even if the court ultimately [ruled against the plaintiff on those theories]").[2] The prejudice that would inhere to UPS if Miller's motion were granted, like Miller's undue delay in filing his motion, is sufficient without more to justify denying Miller leave to amend his complaint. *See, e.g., AmerisourceBergen*, 465 F.3d at 953-954; *Texaco*, 939 F.2d at 799; *Chodos*, 292 F.3d at 1003; *Twin Falls*, 806 F.2d at 874-876.

Miller does not argue the point, but it is worth noting at this stage of the analysis that the fact that Miller retained new counsel during the course of this litigation provides no grounds to

---

[2] On the counterfactual assumption that the identified prejudice to UPS could in some sense be cured by deferring trial of this matter and extending the court-ordered deadline for filing dispositive motions in order to give UPS an opportunity to seek summary adjudication of Miller's proposed punitive damages claim, Miller's motion would run afoul of Federal Civil Procedure Rule 16(b)(4), which permits parties to seek modification of a scheduling order only for "good cause" shown. Fed. R. Civ. P. 16(b)(4). Here, as noted above, Miller makes no showing of good cause for his delay in seeking the proposed amendment of his pleading.

Page 7 - OPINION AND ORDER

disturb any of the foregoing findings of fact or conclusions of law. Miller has been represented by his current counsel since April 20, 2015, well before the September 28, 2015, discovery cut-off and more than a year prior to the date Miller filed his motion. Miller's current counsel therefore had ample opportunity to seek amendment of Miller's pleading long before the delay in seeking such amendment became dilatory and well before it became prejudicial to permit such amendment.

Because Miller's dilatoriness in seeking amendment and the potential prejudice to UPS are each sufficient grounds for denial of Miller's motion, I need not consider UPS' colorable argument that to permit Miller to amend his pleading to state a claim for punitive damages would be futile. For the reasons set forth above, Miller's motion is denied.

## CONCLUSION

For the reasons set forth above, Miller's motion (#48) for leave to amend his pleading is denied.

Dated this 13th day of May, 2016.

Honorable Paul Papak
United States Magistrate Judge